CHRISTA WILKENS *v.* WILHELM WILKENS
(4675)

BORDEN, SPALLONE and BIELUCH, Js.

Submitted on briefs February 2—decision released April 28, 1987

*Barbara J. Ruhe* filed a brief for the appellant (defendant).

*Arthur P. Meisler* filed a brief for the appellee (plaintiff).

SPALLONE, J. The defendant in this dissolution action is appealing from the order of the trial court denying his motion for modification of a pendente lite order for unallocated alimony and support.

The following facts are not in dispute. Pursuant to a pendente lite order entered by the trial court on June 11, 1984, the defendant was obligated to pay to the plaintiff as unallocated alimony and support the sum of $860 per month. At the time the order was entered, the defendant was a minister of a church. In addition to his salary of $370 per week, he received free use of a car and a parsonage.

On October 14, 1985, the defendant filed a motion for modification of the pendente lite order on the ground that he was no longer employed. When he filed the motion, the defendant was receiving severance pay which was to continue into December. Although he was still living in the parsonage at this time, he stated in the motion that he would be moving out in November. At the hearing on the motion on November 4, 1985, the defendant testified that he had voluntarily resigned from his position as a minister because his life situation interfered with his work. The court, ruling from the bench, denied the motion. The defendant has appealed from that denial.

Subsequently, on January 7, 1986, the defendant filed another motion to modify the pendente lite order on

the grounds that he was still unemployed, had no income, and no longer had free housing or the free use of a car. After a hearing duly held on January 27, 1986, the trial court also denied this motion. The defendant filed an amended appeal to include the denial of this second motion.

The defendant claims that the trial court erred (1) in failing to modify the pendente lite order when the defendant's circumstances were clearly within the purview of General Statutes § 46b-86 (a),[1] (2) in abusing its discretion in failing to modify the defendant's pendente lite obligations, and (3) in denying his motions when such denials were clearly erroneous.

The purpose of an award of alimony and support pendente lite is to provide for the wife and dependent children while they are living apart from the husband pending determination of the issues in the case. *Wolk* v. *Wolk,* 191 Conn. 328, 331, 464 A.2d 780 (1983); *Fitzgerald* v. *Fitzgerald,* 169 Conn. 147, 151, 362 A.2d 889 (1975). Under General Statutes § 46b-86 (a), an order for the periodic payment of alimony and support pendente lite may be modified upon a showing of a substantial change in the circumstances of either party. *Szilagyi* v. *Szilagyi,* 3 Conn. App. 25, 27, 484 A.2d 469 (1984).

In reviewing the defendant's claims of error, we recognize that trial courts have a distinct advantage over appellate courts in addressing domestic relations

---

[1] Section 46b-86 (a) provides: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party. This section shall not apply to assignments under section 46b-81 or to any assignment of the estate or a portion thereof of one party to the other party under prior law."

issues because all of the surrounding circumstances as well as the appearance and attitude of the parties are observable by the court. The action of the trial court, therefore, will not be disturbed unless the court has abused its legal discretion. *Timm* v. *Timm,* 195 Conn. 202, 206, 487 A.2d 191 (1985); *Riccio* v. *Riccio,* 153 Conn. 317, 319, 216 A.2d 431 (1966). We also recognize that support orders are not based solely on the needs of the children, but take into account what the parent can afford to pay. *Fowler* v. *Fowler,* 156 Conn. 569, 572, 244 A.2d 375 (1968). Because great weight is due to the action of the trial court, every presumption should be given in favor of its correctness. *Scott* v. *Scott,* 190 Conn. 784, 789, 462 A.2d 1054 (1983).

We agree that the defendant has raised serious questions regarding the correctness of the first hearing. During this hearing, the court made certain remarks that indicate that it may have considered improper and extraneous factors in arriving at its decision.[2] We need not address the propriety of the first hearing, however, since the only relief we would grant the defendant—a new hearing on his motion to modify—has already been afforded the defendant. The court granted the defendant a second hearing and made an independent ruling when the defendant brought the second motion to modify in January, 1986. Because of this second hear-

---

[2] At the hearing on the defendant's motion to modify held on November 4, 1985, in response to the defendant's evidence that he was no longer employed and no longer had access to free housing, the trial court stated, "That is quite a dilemma. You have somewhat of a dilemma like the good Samaritan, you know, when his children needed to be supported and they had to be fed and they had to be with clothes and—well, I look at my own six, and my eight grandchildren, and I look at the other people that I am supporting with my taxes and I say, 'why doesn't he support his own?' . . . I would think that I just wasn't discharging my duty if I were to reduce that order." Previously, the court had remarked, "I sort of hate to think courts reject out of hand that—and I go along with that—that the party can stop supporting their children and let *me* do it while they are out deciding what they are going to be doing with their next step." (Emphasis added.)

ing, we find that the defendant's claims of error with respect to the first hearing are moot.

Turning to the court's action on the second motion, we find that the court did not err in denying this second motion to modify. The court carefully considered a variety of relevant factors when making its ruling. Initially, the court noted that the defendant's unemployment "may have significance in one fashion on a motion for contempt and significance in another fashion on the motion to modify." The court then observed that the defendant had not yet fallen behind on his payments. The court also considered the fact that the defendant had voluntarily terminated his position as a minister, although it recognized that the position was unique and there could be many valid reasons for the plaintiff's termination. The court particularly emphasized the defendant's earning capacity in light of his background, education, and experience. Cf. *Miller* v. *Miller,* 181 Conn. 610, 612, 436 A.2d 279 (1980) (courts may rely on earning capacity where party voluntarily terminates employment, even if termination not done wilfully to deny alimony to wife). Finally, the court considered the needs of the children in light of each party's ability to pay, and found that the plaintiff-wife's ability to support was virtually nil. After considering these factors, the court denied the motion to modify. In arriving at its conclusion, the court considered none of the extraneous factors referred to at the first hearing. In addition, the defendant does not claim, nor do we find, that the alleged improprieties at this first hearing in any way contaminated this second hearing. We thus find no abuse of discretion in the court's denial of the second motion to modify.

There is no error.

In this opinion the other judges concurred.