## JOAN A. PEARL *v.* RONALD A. PEARL
### (14966)

O'Connell, Lavery and Schaller, Js.

Submitted on briefs September 30—officially released November 12, 1996

*Louis I. Parley* filed a brief for the appellant (defendant).

*Lois J. Lawrence* filed a brief for the appellee (plaintiff).

LAVERY, J. The controlling issue in this appeal from an order denying a motion for modification in a dissolution action is whether the trial court was correct in limiting evidence of changes in the parties' financial circumstances to the period after the denial of the defendant's last motion for modification. We reverse the order of the trial court.

The facts pertinent to this appeal are as follows. A judgment of dissolution was rendered on June 27, 1984.

This judgment incorporated an agreement that included a provision for the defendant to pay unallocated alimony and child support to the plaintiff in the amount of $461.54 per week. This amount would be reduced by $150 per week when the two children reached majority. In December, 1992, the defendant filed a motion to modify the plaintiff's alimony, which was denied by the trial court, *Spallone, J.*, on March 23, 1993, after a hearing. The defendant then filed another motion for modification or termination of alimony dated October 20, 1994, which is the subject of this appeal. The trial court, *Higgins, J.*, at a hearing on June 6, 1995, ruled that the appropriate period of review for claims of substantial change in circumstances was from March 23, 1993, the date the first motion for modification was denied, to the time of the hearing on June 6, 1995. The trial court concluded that the defendant had to demonstrate that a substantial change in circumstances had occurred since the date of the last court order, which it determined was March 23, 1993. The trial court allowed evidence of circumstances occurring only subsequent to March 23, 1993, to be admitted. The trial court, citing *Borkowski* v. *Borkowski*, 228 Conn. 729, 638 A.2d 1060 (1994), determined that an "order" meant not only the entry of a judgment or postjudgment order modifying an existing order, but also any decision denying a motion for modification. We disagree. The Supreme Court in *Borkowski* v. *Borkowski*, supra, 738, emphasized the rule that evidence is limited in the adjustment of alimony to substantial change of circumstances to events occurring subsequent to the latest alimony order.

General Statutes § 46b-86 (a) provides in pertinent part: "Unless and to the extent that the decree precludes modification, any *final order* for the periodic payment of permanent alimony . . . may at any time thereafter be continued, set aside, altered or modified by said

court upon a showing of a substantial change in the circumstances of either party . . . ." (Emphasis added.) In *Avella* v. *Avella*, 39 Conn. App. 669, 672, 666 A.2d 822 (1995), we cited with approval the language of A. Rutkin, E. Effron & K. Hogan, 7 Connecticut Practice Series: Family Law and Practice with Forms (1991) § 34.8, p. 583, that "[i]t is not sufficient for there simply to have been a substantial change of circumstances since the time of the immediately previous court proceeding. Rather, the change must be since the most recent prior proceeding in which an alimony order was entered." We also follow the reasoning set forth in *Benson* v. *Benson*, 187 Conn. 380, 383 n.3, 446 A.2d 796 (1982), as follows: "The parties disagree as to whether, in evaluating the 'change,' the circumstances at the time of the hearing are to be measured against those in 1974, when the original judgment was rendered, or those in 1976 when a similar motion by the plaintiff, heard in conjunction with the defendant's motion to terminate alimony, was denied. The trial court never decided which year was proper to use as a base, finding that whether comparison was made with 1974 or 1976 circumstances, an increase of only ten dollars per week per child was warranted. The defendant argues that, since the plaintiff's 1976 motion to increase support was denied and no appeal was taken, the relevant 'change' is between 1976 and the present. This argument is not persuasive, however, since the support order in effect is that issued in 1974 based on the circumstances of the parties and their children at that time as set forth in General Statutes § 46b-84.

"The defendant's view would punish a party who sought modification in good faith prematurely. An increment of, for example, $5000 per year in the salary of a payor might not be deemed 'a substantial change in the circumstances' as required by General Statutes § 46b-86, to warrant modification. A further increment of

$5000 the next year, however, resulting in a $10,000 per year change in salary from that reported when the order was made, might well cross this threshold. The plaintiff's failure to appeal from the 1976 denial of her motion to increase support neither bars the 1980 motion nor moves the comparison year to 1976. She is not, as the defendant claims, attempting to reargue the 1976 motion by this 1980 motion. In 1976 she unsuccessfully attempted to show that the circumstances of 1976 differed significantly from those of 1974. In presenting the 1980 motion, her burden was to show that the circumstances of 1980 constituted a substantial change from those of 1974. We conclude that 1974 was the proper year for comparison.

"The situation where the court has denied a motion for modification must be distinguished from that where some modification has been granted. Any subsequent modification would then depend upon changed circumstances arising not since the original decree but since the date of the earlier modification. *Theonnes* v. *Theonnes*, 181 Conn. 111, 114, 434 A.2d 343 (1980)."

Although the language in *Benson* is dicta, we construe the Supreme Court's language to be persuasive and a balanced statement of the law as it applies to motions for modification of alimony.

We conclude that the trial court should have allowed the defendant to present evidence from the date of the dissolution in 1984, when the only order of alimony was made. A review of the record convinces us that the ruling was harmful to the defendant.

The order of the trial court is reversed and the case is remanded for a new hearing on the motion to modify.

In this opinion the other judges concurred.