[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR MODIFICATION AND CONTEMPT
The defendant husband has filed a Motion for Modification dated September 24, 1996 which states he will be terminated from his part-time employment with Arthur Anderson Co. on October 4, 1996. The plaintiff responded by filing a Motion to Dismiss which the court denied. (See written decision Grosso v. Grosso, supra, April 21, 1998, Tierney, J.). The court reviewed the entire file, the parties' financial circumstances at the original decree of June 21, 1989, their financial circumstances as of the last modification order of July 31, 1996, and CT Page 5450-a their current financial circumstances. Both submitted extensive memoranda of law on the issues in question. The plaintiff has also filed a Motion for Contempt dated February 19, 1997, for nonpayment of alimony, a Motion for Contempt dated November 18, 1997, concerning failure to maintain life insurance coverage, and a Motion for Modification dated October 29, 1997, to increase her alimony payments to the June 21, 1989 level. Thereafter, the parties proceeded to an evidentiary hearing.
The court finds the following facts: On June 21, 1989, the parties' marriage was dissolved, and the defendant was ordered to pay $4,000 per month as periodic alimony. The parties' written agreement of June 20, 1989 was incorporated by reference. At that time the defendant husband was gainfully employed and had been so for many years. He was making approximately $140,000 per year plus performance bonuses. The defendant's June 20, 1989 financial affidavit indicated the following income for a three year period: 1987 — $148,300; 1988 — $155,900; and 1989, on a "pro forma" basis — $140,600.
Subsequent to the 1989 decree, the defendant changed jobs but was still engaged in full-time employment, maintaining the same earning level. He continued to pay the court-ordered alimony between these jobs. In April, 1994, he was terminated from that job and received a one year severance package, payable through April of 1995. He continued to pay the court-ordered alimony. The parties' negotiations for lower alimony failed to resolve this matter, and on February 20, 1996 the defendant filed a motion for modification to reduce alimony. The defendant submitted a financial affidavit dated May 2, 1996 which disclosed that his gross income had been reduced. His affidavit of May 2, 1996 showed gross income of $2872.88 per week and net weekly income of $2,064.18. He had increased visitation expenses since he was then employed in Europe. After a contested hearing on July 30, 1996, despite the representations in his May 2, 1996 financial affidavit, the court reduced the alimony to $3,500 per week.
The plaintiff's earnings on June 21, 1989 consisted of slightly over $3,000 in annual dividends and interest in addition to the anticipated alimony from the defendant. Her April 15, 1996 financial affidavit shows a decrease in dividends and interest to $1,100 per year, in addition to a one time gift from her mother of $11,000, as well as alimony paid by the defendant
During the pendency of the 1996 motions, the defendant had CT Page 5451 been employed part-time by Arthur Andersen Co. in Eastern Europe. This job terminated on October 4, 1996. On September 24, 1996, the defendant filed this present Motion for Modification. The matter was continued to November 20, 1997, when this court took evidence. On file with the court is the defendant's financial affidavit dated September 29, 1997 which was represented by the defendant to be his current income status. He listed his occupation as "consultant," the name of his employer as "self-employed," and his gross wages as $212.98 per week from his self-employment income. In addition he receives "CZ and JM Pension" of $398.10 per week. His May 2, 1996 affidavit listed that same pension at substantially the same weekly rate. The plaintiff's November 20, 1997 financial affidavit lists annual income, exclusive of capital gains, as follows: interest (mostly from a one-time sale of EE Bonds) $3,467; dividends $729; and other income $1,200. This totals $5,396, which is larger than her 1989 and 1996 affidavits but still not a substantial change of circumstances.
Since the defendant has received the benefit of a modification, this court must make a determination as to whether there is a substantial change in circumstances in accordance with General Statutes § 46b-86a as of the date of the last alimony modification, July 31, 1996. Borkowski v. Borkowski,228 Conn. 729, 737-38 (1994); Pearl v. Pearl, 43 Conn. App. 541, 544 (1996). On July 31, 1996 based upon his May 2, 1996 affidavit, he was earning $149,400 per year gross. His current financial affidavit indicates $31,776 per year gross. It is the defendant's burden of proof to show the substantial change of circumstances. Benson v. Benson,187 Conn. 380, 383,[3] (1982).
The court finds that this court has subject matter jurisdiction, as Paragraph 4.2 of the June 20, 1989 separation agreement does not preclude a second modification after the granting of a prior modification on similar grounds. This court finds that the defendant's earnings have substantially deteriorated by reason of his employment termination. The court has heard substantial evidence concerning his efforts at obtaining re-employment. The defendant is 59. He is engaged in a young man's business. It is doubtful that he is going to be able to obtain the same level of employment and earnings enjoyed in the years from 1989 through 1995. The court concludes that he has made substantial efforts to obtain new employment. This court cannot find that he has a substantial earning capacity on the basis of the evidence before the court.Tobey v. Tobey, 165 Conn. 742, 749 (1974); Miller v. Miller,181 Conn. 610, 611-12 (1980). He has not wilfully depleted his earnings. CT Page 5452Schmidt v. Schmidt, 180 Conn. App. 184, 189-90 (1980). The court finds there is a "substantial change in the circumstances" under General Statutes § 46b-86 (a) since the July 30, 1996 court order.Wilkins v. Wilkins, 10 Conn. App. 576, 578 (1987). The court further finds that the defendant is not willfully under-employed, has no substantial earning capacity and has met the conditional modification requirements of Paragraph 4.2 of the June 21, 1989 decree. The court further finds, from the defendant's financial affidavit, that his liquid assets have been substantially depleted including those shown on his September 29, 1997 affidavit. He has insufficient cash assets to be able to make payments on any arrears and/or current alimony. The court further finds that the defendant is entitled to the modification relief sought and is not to be denied that relief by application of the "clean hands" doctrine. Gest v. Gest,117 Conn. 289, 300-01 (1933); Kramer v. Kramer, Superior Court, judicial district of Stamford/Norwalk, Docket No. 0066243 (September 5, 1996, Harrigan, J.), 17 CLR 526, 1996 Ct. Sup. 5503, 5505-06.
The defendant is contractually obligated by reason of the June 20, 1989 Separation Agreement to pay 10 years, 11 months alimony at the rate of $4,000 per month and to maintain a like amount of life insurance to secure those payments. Lasprogato v.Lasprogato, 127 Conn. 510, 514 (1941); French v. French,36 Conn. Sup. 266, 267 (1980). The total alimony for those 10 years, 11 months would be $524,000. The defendant has paid alimony of $340,500, leaving $183,500 due. This is so, despite any orders contained herein: "Commencing July 1, 1989 . . until . . . May 31, 2000." (Paragraph 4.1, June 20, 1989 Separation Agreement).
The court enters the following orders on the four pending motions after considering the above findings, conclusions of law and the evidence before the court, as well as the standards of General Statutes § 46b-86 (a):
 1. Alimony is suspended. This order is effective October 15, 1996. The court finds that the service of the September 24, 1996 Motion for Modification was not made pursuant to General Statutes § 52-50. The parties stipulated that any modification would be retroactive to October 15, 1996 (See Plaintiff's Motion for Contempt dated October 25, 1996 and Motion for Contempt dated February 19, 1997).
 2. The court finds arrears on the $4,000 per month alimony prior to July 31, 1996 and the $3,500 per month alimony from July 31, 1996 through October 15, 1996 to be $8,250. This sum gives CT Page 5453 the defendant credit for the payment of $28,000 paid in calendar year 1996. No payments were made in 1997.
 3. The court finds that the defendant's failure to make the above alimony payments was not wilfull and that the defendant had no ability to make said payment. Tobey v. Tobey, supra, 165 Conn. 746. The defendant has and had no ability to pay any alimony payments after October 1, 1996. The defendant is not in contempt.
 4. The court finds that the defendant had $183,500 worth of life insurance coverage through May 31, 1997, naming the plaintiff as beneficiary. This complies with Paragraph 9.1 of the June 20, 1989 Separation Agreement. The defendant is ordered to continue to maintain said insurance coverage at his own cost and expense, specifically naming the plaintiff as beneficiary in a stated dollar amount, in addition to the wording of the existing beneficiary clause. He is to provide the plaintiff written proof of payments of premiums and the continued existence of said coverage.
 5. The court has not been requested to modify the June 20, 1989 agreement. The defendant is contractually obligated to the plaintiff for any unpaid alimony at the rate of $4,000 per month until May 31, 2000. The June 20, 1989 Separation Agreement has not been modified nor terminated. Paragraph 16.2 of the June 20, 1989 Agreement states, "If a judgment incorporating the terms of the Agreement is modified, this Agreement shall be decreed to be modified accordingly." Paragraph 16.3 requires any modification to be in writing signed by the parties. This order is not a modification, only a suspension. In any event, the court is of the opinion that paragraph 16.2 only applies to the initial decree. Further, paragraph 16.3 supersedes paragraph 16.2. Finally, the alimony is "non-modifiable as to duration (term) and the amount" as per paragraph 4.2. The June 20, 1989 Agreement, therefore, survives any order of the court and can be separately enforced by the plaintiff in an independent action.
6. Each party will be responsible for their own attorney's fees.
 7. The defendant is to provide a sworn financial affidavit in compliance with Practice Book § 1231, now (1998 Rev.) § 25-10, along with supporting documents. The defendant is to provide evidence of his continuing efforts to obtain CT Page 5454 employment, along with documentation. In the event the defendant becomes employed he is to notify the plaintiff immediately and provide a current financial affidavit. The plaintiff is permitted to file a motion to increase alimony if the defendant has not made adequate efforts to obtain employment. The defendant is to file a financial affidavit and employment information every three months with the plaintiff, not the court.
 8. The plaintiff, no earlier than June 1, 1999, may file a request that any alimony arrears be paid out of any non-liquid assets, including any real property. This request will be addressed to the discretion of the court.
 9. The plaintiff still has redress in accordance with Paragraph 16.2 of the June 20, 1989 Separation Agreement.
SO ORDERED.
KEVIN TIERNEY, JUDGE