[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S AMENDED MOTION FOR MODIFICATION OF CHILD SUPPORT POST JUDGMENT (NO. 148)
Before the court is Plaintiff's Amended Motion for Modification of Child Support Post Judgment (No. 148).
The marriage of the parties was dissolved on May 30, 1995 in Dallas, Texas. There are two minor children, issue of the marriage, Samantha, 10 and Kimberly, 7. According to the Texas decree, the parties are "joint managing conservators" of the children, but the Plaintiff has "the exclusive right to establish the domicile and primary residence" of the children.
In 1994, prior to the divorce, the Plaintiff relocated with the children to Connecticut, and has resided here since then. The Defendant moved to Connecticut in February, 1996, and has also lived here since then. The Plaintiff filed the Texas judgment in Connecticut on June 13, 1996, under the statutory provisions CT Page 156 allowing for enforcement of foreign matrimonial judgments. C.G.S. § 46b-70 et seq.
On or about March 31, 1999, the Plaintiff advised the Defendant of her intention to relocate with the children to Houston, Texas. The Defendant filed a motion to enjoin such a move (No. 122). After the court had commenced a hearing on the motion to enjoin, it advised counsel and the parties, and they agreed, that the court would first determine Plaintiff's Motion for Modification of Child Support.[1] This was because a ruling on that might impact on Plaintiff's intentions to relocate to Houston, and therefore also the motion to enjoin. The Plaintiff claims that her first choice is to remain in Connecticut and not relocate; she essentially says that she is pursuing that relocation at least in part because she cannot afford to continue to live here. Accordingly, the hearing was "reconverted" into one, first, on Plaintiff's Amended Motion for Modification.
The parties last modified child support, by stipulation made an order of the court, in September, 1997 (No. 112). At that time, the Plaintiff was working for the American Red Cross at a gross salary of $30,000 per year. Her monthly net income was approximately $1,955. The Plaintiff lost that job in or about October, 1997. She did some temporary and part-time work before beginning employment at a gift store, "Tuscany" in March, 1998. She continued to work there through the time of these hearings. She supplemented the job with other part-time work, but she indicated she gave up the latter to go to nearly full-time employment at Tuscany in late June, 1999. At Tuscany, Plaintiff makes $10.00 per hour plus a 4% commission on her sales. Her total monthly net income from Tuscany and the employment she left was approximately $1,400. The court notes, too, that while Plaintiff's claimed monthly expenses increased since the modification from about $6,900 to $8,200 per month, some items are either not being incurred altogether or incurred as shown. Cf., Watson v. Watson, 20 Conn. App. 551, 559 (1990).
The court also heard evidence concerning the Defendant's financial circumstances at the time of the September 1997 modification and now. The court sustained in part and overruled in part, the Defendant's objection to the introduction, by Plaintiff, of his current and former financial affidavit. Based upon the parties' 1997 stipulation, the court would not consider any increase in the Defendant's income as grounds for a finding of a substantial change of circumstances.[2] However, the court CT Page 157 ruled that, in the event Plaintiff did prove one of the remaining grounds in her amended motion for modification, e.g. a decrease in her income, or unmet needs of the children, the court may consider the Defendant's current financial circumstances in setting new child support orders.
C.G.S. § 46b-86(a) allows the court to modify a final order for child support. A party moving for a modification of a child support order must clearly and definitely establish the occurrence of a substantial change in the circumstances of either party that makes the continuation of the prior order unfair and improper. Savage v. Savage, 25 Conn. App. 693, 696 (1991);Wingerd v. Wingerd, 3 Conn. App. 261, 262 (1985), cert. denied,195 Conn. 804 (1985). The court may also consider where raised, as here, "a material changed in the [the children's] needs, or as their welfare may be otherwise affected." Jennings v. Jennings,11 Conn. Sup. 391, 400 (1942).
The court does not believe that the Plaintiff has sustained her burden of proving either of her remaining grounds for a modification of child support. It is true that the Plaintiff's income has decreased between the time of the 1997 modification, and now. However, the court may consider Plaintiff's earning capacity under appropriate circumstances. Miller v. Miller,181 Conn. 610, 611-12 (1980), and cases cited therein. The Plaintiff concedes that she probably has a greater earning capacity that what she actually earns but that she is restricted by child-care problems. She is college educated, and appears bright and articulate. In point of fact, in May, 1999, while her motion was pending, the Plaintiff was offered a job in pharmaceutical sales, the compensation for which (excluding benefits) would have paid her more than she earned in 1997. She refused the job because, she says, she could not obtain child-care coverage for a required two week training program in Philadelphia, and its timing conflicted with an event at the children's school which she wanted to attend.
The court believes that, while the Plaintiff's reasons may be sincere, they pale against the preference she articulated for her and the children, which was to remain in this area if financial circumstances permit. The job offer the Plaintiff refused would have helped her achieve that preference. Moreover, the Plaintiff did not exhaust her possible options for child-care coverage in connection with the job offer. The Plaintiff did not even notify the Defendant of the job offer or the child-care problem and ask CT Page 158 him to help. She claims he was not reliable and could not be counted on yet, if Plaintiff were truly serious about the job, it is more than puzzling she did not even ask the Defendant to assist.
The analysis of the instant case is not dissimilar to that inLogan v. Logan, 13 Conn. App. 298 (1988), cited by the Defendant. There, in affirming the trial court's denial of Plaintiff's motion to modify, then Judge Borden wrote:
 "Contrary to the plaintiff's claims on appeal, the court was well within its discretion in focusing on the lack of a change in her earning capacity, rather than on a change in her actual earnings. The plaintiff had the burden to establish the basis for the modification which she sought. A change in her actual earnings, even occurring without fault on her part, did not require the court to ignore the fact that she chose not to seek other employment or even to demonstrate that other suitable employment was unavailable to her. Under these circumstances, the plaintiff was required to establish that her earning capacity had changed substantially. See Wilkens v. Wilkens, 10 Conn. App. 576, 580, 523 A.2d 1371 (1987). She was not entitled to rest on the fact that her actual earnings had changed."
Also, another component of Plaintiff's inability to sustain herself, has been her own spending habits which she herself acknowledged as not "responsible." She was charging many items for herself on credit cards which were overdue for payment and while she was receiving dunning calls from creditors. Her excess expenditures and their timing are too numerous to mention here. She has created a credit predicament for herself. The court adds that on numerous occasions the Defendant has advanced Plaintiff monies and assisted Plaintiff in ways he has not been required to. There has not been demonstrated a material change in the needs of the children, and a modification cannot be ordered simply "to equalize the available income of divorced parents."Battersby v. Battersby, 218 Conn. 467, 473 (1991).
The Plaintiff has not proven a substantial change of circumstances and her Amended Motion for Modification (No. 148), is denied. The court reserves jurisdiction over her request for attorney's fees (No. 134)[3] and orders the parties to file any motions concerning them as follows: The Plaintiff by January 14, and the Defendant by January 21. CT Page 159
So Ordered.
KAVANEWSKY, J