[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR MODIFICATION OF ALIMONY AND SUPPORT (#477.04)
A brief history of the alimony orders in this voluminous file is warranted. In 1975, when a decree of legal separation was entered, the defendant was ordered to pay periodic alimony of $500 per month to the plaintiff, Kearny, J. In 1977, the marriage of the parties was dissolved,Callahan, J. In 1987, the alimony was increased from $500 per month to $600 per month, Novak, J. In 1991, alimony was increased from $600 per month to the current order of $900 per month, Ryan, J.
In accordance with Pearl v. Pearl, 43 Conn. App. 541 (1996), the court must determine if there has been a substantial change in circumstances of either party since the most recent prior proceeding in which an alimony order was entered. The court has reviewed the transcript of Judge Ryan's oral decision of December 11, 1991 wherein the following findings were made. The defendant, at that time, was earning $67,000 per year working for the United States Government. The plaintiff was in failing health and had no marketable skills or employment. The plaintiff's financial affidavit showed she had no assets and her only income was from alimony.
From the evidence submitted this court makes the following findings. The plaintiff is 57 years old, and her alimony continues to be her only source of income. She was recently hospitalized with heart problems, and her discharge plan indicates that she should not perform heavy activity. The plaintiff has not been employed at any time since 1991. The plaintiff does not recall ever working since the date of her legal separation from CT Page 4204 the defendant. Considering all of the evidence, including this extended period of nonemployment, the court cannot reasonably conclude that the plaintiff has an earning capacity which would diminish her need for alimony.
In 1991, the plaintiff's living expenses were $333 a week; presently they are $441 a week. Her medical bills for her recent hospitalization exceed $12,500; she has no health insurance.
The defendant is also 57 years of age, and is still employed with United States Government in the same position he held in 1991. His present annual salary is approximately $97,000 per year. Although not shown on his financial affidavit, the defendant testified that he has received annual bonuses for the last five years; these bonuses average $4,195 per year. The defendant is experiencing some health problems, however, he does not expect that they will prevent him from continuing to work at his present job.
The court concludes that there has been a substantial change of circumstances as to the defendant's income; from 1991 to the present it has increased from $67,000 to in excess of $100,000. Over that same period, there has been a substantial increase in the plaintiff's living expenses. Considering the relevant factors contained in C.G.S. §46b-82, the court concludes that the plaintiff's alimony should be increased to $1150 per month.
The defendant is ordered to pay alimony to the plaintiff in the amount of $1150 per month, payable by immediate wage execution.
Domnarski, J.