## KIM NICHOLS ANGLE *v.* KELLY ANGLE
## (AC 27180)

Flynn, C. J., and DiPentima and Pellegrino, Js.

---

Argued January 8—officially released April 24, 2007

*Kelly Angle*, pro se, the appellant (defendant).

*Samuel V. Schoonmaker IV*, with whom, on the brief, was *Peter M. Bryniczka*, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant, Kelly Angle,[1] appeals from the judgment of the trial court denying his motion to modify the alimony order issued in connection with the underlying dissolution action that had been initiated by the plaintiff, Kim Nichols Angle. On appeal, the defendant claims that the court improperly found that his incarceration, his removal from the marital home and the plaintiff's borrowing of funds did not

---

[1] The trial court granted the plaintiff's motion to cite in an additional defendant. We refer in this opinion to Kelly Angle as the defendant.

constitute a substantial change in circumstances warranting a modification of the alimony award. We conclude that the court properly found that the defendant did not meet his burden of proving a substantial change in circumstances. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The plaintiff filed the underlying dissolution action against the defendant on August 17, 2004, seeking to dissolve the parties' marriage of approximately twenty-four and one-half years. On September 24, 2004, the plaintiff filed a motion for alimony pendente lite. A hearing on the plaintiff's motion was held on October 19, 2004. The court, *Hon. Stanley Novack*, judge trial referee, granted the motion for alimony pendente lite and ordered the defendant to pay the household bills and the sum of $6000 per month. The court also ordered review of the award "in ninety days upon request." As the basis for its alimony order, Judge Novack stated: "I don't see any demonstration where [the parties'] lifestyle has suffered in the last two or three or four years despite all these horrendous [financial] setbacks. . . . Somehow, there have been funds available. There is a trust that's worth close to $2 million with no encumbrances against it. Whether it can be reached or not . . . [is] a question to be left for some time in the future."

Several months later, the defendant filed a motion for modification of alimony pendente lite on the ground that that there had been a substantial change in circumstances because the plaintiff was employed and the defendant did not have the resources to pay the alimony as ordered. The court, *Hon. Dennis F. Harrigan*, judge trial referee, denied the defendant's motion after a hearing on January 25, 2005: "The court, in evaluating the positions of the two parties, listened carefully to the testimony, and the representations that each party

made during the hearing. The court has to note that the testimony of [the defendant] was that . . . he hasn't had any income for quite some time . . . . And he went from zero income in October [2004] to zero income today. As far as the sources he has, I have to acknowledge that somehow, that money has been miraculously appearing. As far as [the plaintiff's] part-time job is concerned, the amount of money involved in light of their overall picture, I find, is not a substantial change. And the motion is denied."

The plaintiff then filed a motion for contempt in March, 2005, alleging that the defendant had failed to pay any alimony in accordance with Judge Novack's October 19, 2004 order.[2] On April 28, 2005, the court, *Tierney, J.*, found the defendant in contempt and committed him to the custody of the commissioner of correction until he purged himself of a $24,000 arrearage, which was the amount of outstanding alimony that had to be paid by May 18, 2005.[3] On May 10, 2005, the defendant filed a second motion for modification of alimony pendente lite.[4] One month later, the plaintiff filed another motion for contempt, claiming that the defendant still had not complied with Judge Novack's

---

[2] The plaintiff filed a motion for permission to amend her dissolution complaint to cite in an additional defendant in March, 2005. She filed a second request in April, 2005. As a result of the plaintiff's motions, the defendant MTM Properties, LLC, a company allegedly formed by the defendant that acquired the marital residence located in New Canaan, subsequently was impleaded.

[3] The matter was assigned to Judge Harrigan for a status conference, which was held on May 31, 2005. At this conference, the defendant's counsel, who previously was appointed by the court to represent the defendant on the contempt motion only, indicated that due to the defendant's incarceration, he still was unable to pay the $24,000 arrearage. Judge Harrigan then ordered that the defendant be released from the custody of the commissioner of correction, after finding that further incarceration would be "fruitless in producing the money" that was owed.

[4] The motion merely alleged that there was a significant change in the defendant's financial circumstances, but it did not state the specific facts on which the defendant's claim was based.

October 19, 2004 order, as was later confirmed by Judge Harrigan. On August 9, 2005, Judge Tierney found that the defendant was in arrears in the amount of $42,000. In reaching its conclusion that the defendant had the present ability to pay the alimony as ordered, the court found that "the defendant's solely owned company, Kelly Angle, Inc., has business relationships with two investment entities, Dunn Capital Management, Inc., and Keck Capital Management, LLC. Either Kelly Angle, Inc., or the defendant receives fees for investment services from these two entities. They have and are continuing to loan either the defendant personally or Kelly Angle, Inc., substantial sums of money each month as an advance against future investment fees. These loans-advances are being paid regularly and thus are considered by this court to be income for the purposes of supporting an order of alimony. . . . [T]he defendant's cash flow for the period of October 8, 2004, through January 19, 2005, was $155,000. Based upon the defendant's testimony that at least one of the loans or advances is still being made, this court can and does draw the inference that said loans or advances . . . [are] continuing . . . ." No contempt finding was made at that time.

On November 18, 2005, Judge Tierney conducted a hearing on the defendant's second motion to modify alimony. At this hearing, the defendant claimed that three substantial changes of circumstances had occurred since Judge Novak's October 19, 2004 order: (1) the defendant's incarceration for thirty-three days prevented him from being gainfully employed, (2) the defendant's living expenses increased, as a result of a protective order that required his being removed from the marital residence,[5] and (3) the plaintiff's borrowing

[5] On January 6, 2005, the plaintiff filed a motion for exclusive possession of the marital residence, claiming that the defendant's threatening and abusive conduct toward her had created a "tense and conflicted" environment in the home, and that it would be in the best interests of the minor children if the parties lived separately. Judge Harrigan denied the plaintiff's motion after a hearing on January 25, 2005.

of funds since October 19, 2004, represented a source of income.[6] Judge Tierney denied the defendant's motion, after having concluded that the defendant failed to satisfy his burden of proof that a substantial change in circumstances had occurred. This appeal followed. Additional facts will be set forth as necessary.

I

As a threshold matter, we first consider the plaintiff's argument that the court's denial of the defendant's second motion for modification of alimony pendente lite is a nonappealable interlocutory order. Specifically, the plaintiff argues that the denial of such a motion is not a final judgment, and the defendant, therefore, cannot obtain appellate review. We are not persuaded.

This court's jurisdiction is limited to appeals from final judgments. See General Statutes § 52-263; Practice Book § 61-1. Here, the defendant has appealed from an interlocutory order rendered in an ongoing dissolution action. In dissolution actions, typically pendente lite alimony and support orders, i.e., financial orders, are immediately appealable. See *Hiss* v. *Hiss*, 135 Conn. 333, 64 A.2d 173 (1949). The underlying reason for permitting appeals of pendente lite alimony and support orders is that the orders are designed to provide support during the pendency of the action and that once a final

In his appellate brief, the defendant claims that on January 29, 2005, the plaintiff filed a domestic violence complaint against the defendant with the New Canaan police department, and, as a result, a protective order was issued against the defendant, who was physically removed from the marital residence. The defendant, however, further states that the court, *Dooley*, *J.*, later amended this protective order, which permitted the defendant to return to the residence. The defendant finally admits that he *chose* not to return to the marital residence: "In spite of the court allowing the defendant to return to the residence, it was the decision of the defendant not to return because the protective order was still in place . . . ."

[6] The plaintiff filed a financial affidavit on November 15, 2005, which indicated that the plaintiff's parents have lent her $89,160 for living expenses.

judgment enters, the pendente lite orders cease to exist because their purpose has been extinguished at the time the dissolution judgment is entered. *Sweeney* v. *Sweeney*, 271 Conn. 193, 201, 856 A.2d 997 (2004); *Connolly* v. *Connolly*, 191 Conn. 468, 479–80, 464 A.2d 837 (1983). If such orders were not appealable prior to entry of judgment, they could not be reviewed at all, with the result that no redress could be had for funds already expended. See *Hiss* v. *Hiss*, supra, 333.

In support of her position that the denial of a motion to modify pendente lite is not appealable, the plaintiff relies on this court's decisions in *Pearl* v. *Pearl*, 43 Conn. App. 541, 684 A.2d 737 (1996), and *Wilkens* v. *Wilkens*, 10 Conn. App. 576, 523 A.2d 1371 (1987). The plaintiff first argues that on the basis of *Pearl*, the denial of a motion for modification of alimony pendente lite is not an order of alimony and, thus, is not appealable. That case, however, is distinguishable.

In *Pearl*, the parties were divorced in 1984. In 1992, the defendant filed a *postjudgment* motion to modify alimony, which was denied. Thereafter, in 1994, the defendant filed another postjudgment motion to modify alimony. At the June, 1995 hearing on the second motion to modify, the trial court ruled that the "appropriate period of review for claims of substantial change in circumstances was from March 23, 1993, the date the first motion for modification was denied, to the time of the hearing on June 6, 1995." *Pearl* v. *Pearl*, supra, 43 Conn. App. 542. This court disagreed, reversed the judgment of the trial court and remanded the case for a new hearing, stating: "The situation where the court has denied a motion for modification must be distinguished from that where some modification has been granted. Any subsequent modification would then depend upon changed circumstances arising not since the original decree but since the date of the earlier modification. . . . We conclude that the trial court

should have allowed the defendant to present evidence from the date of the dissolution in 1984, when *the only order of alimony* was made." (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 544.

In the present case, the plaintiff relies on that passage to support her argument that an order denying a motion for modification is not an *order* of alimony and, thus, is not appealable. Instead, according to the plaintiff, only an order *establishing* alimony or *modifying* alimony is appealable. The holding in *Pearl*, however, provides only that a trial court must consider evidence of a change in circumstances from the time of the last modification of alimony. The plaintiff also fails to reconcile *Pearl* with the primary purpose of permitting interlocutory appeals from orders concerning pendente lite alimony—because no redress can be had for pendente lite funds already expended following the entry of a judgment of dissolution. Thus, if a trial court improperly refused to reduce the defendant's pendente lite alimony payments, this court could not grant relief in an appeal from the judgment of dissolution. We conclude, therefore, that *Pearl* is inapposite to the present action.

The plaintiff also relies on this court's holding in *Wilkens* to support her argument that the only remedy available to the defendant following the denial of his second motion to modify was to request another hearing by filing a new motion. That case is also distinguishable from the present case. In *Wilkens*, the trial court entered an order pendente lite directing the defendant to pay unallocated alimony to the plaintiff. The defendant filed a motion for modification pendente lite, which the trial court denied. The defendant appealed from the denial of the pendente lite order. While the appeal was pending, the defendant filed a second motion to modify pendente lite, which the trial court also denied. The defendant amended his appeal to challenge that order as well.

This court held that the appeal from the denial of the first motion to modify pendente lite was moot because the only relief that this court could have granted, i.e., a new hearing, already had been afforded to the defendant on the second motion to modify. *Wilkens* v. *Wilkens*, supra, 10 Conn. App. 579–80. This court found no error in the trial court's denial of the second motion to modify alimony pendente lite. Thus, contrary to the plaintiff's position, *Wilkens* actually supports the proposition that the denial of a motion to modify alimony pendente lite is an appealable interlocutory order.

On the basis of the foregoing, the denial of a motion to modify alimony pendente lite is an appealable interlocutory order because once a judgment of dissolution is rendered, the defendant will be precluded from challenging the trial court's ruling on the motion. See *Sweeney* v. *Sweeney*, supra, 271 Conn. 201–202. Accordingly, the plaintiff's argument has no merit.

II

On appeal, the defendant claims that the court improperly found that he failed to demonstrate a substantial change in circumstances. We disagree.

We begin by setting forth the applicable standard of review. "The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the

pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Prial* v. *Prial*, 67 Conn. App. 7, 9–10, 787 A.2d 50 (2001).

The court's authority to modify alimony orders is found in General Statutes § 46b-86 (a), which provides in relevant part that "[u]nless and to the extent that the decree precludes modification . . . an order for alimony or support pendente lite may . . . be . . . modified . . . *upon a showing of a substantial change in the circumstances* of either party . . . ." (Emphasis added.) Additionally, this court has held that "[t]he [trial] court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. . . . The inquiry, then, is limited to a comparison between the current conditions and *the last court order*." (Citation omitted; emphasis added; internal quotation marks omitted.) *Crowley* v. *Crowley*, 46 Conn. App. 87, 92, 699 A.2d 1029 (1997). In accordance with these principles, the defendant would have had to show that a substantial change in circumstances had occurred since Judge Novack's October 19, 2004 order,[7] before the court properly could consider his motion to modify the alimony award.

At the hearing on the defendant's second motion to modify, the defendant presented evidence, mainly in the form of financial affidavits and financial statements from the business entities with which he has a relationship, to show that he had no funds to pay the alimony

[7] Since the defendant's first motion to modify alimony pendente lite also was denied, Judge Novack's October 19, 2004 order remains in effect as the last order from which the defendant can seek relief.

award. The defendant also argued that three substantial changes of circumstances had occurred since Judge Novak's October 19, 2004 order: (1) his incarceration for thirty-three days prevented him from being gainfully employed, (2) his living expenses increased as a result of a protective order that required his being removed from the marital residence and (3) the plaintiff's borrowing of funds since October 19, 2004, represented a source of income.

After the hearing, Judge Tierney found: "The defendant claims at all times both before, during and after his incarceration, he was not earning any money. The fact of incarceration is not a substantial change of circumstances. . . . The defendant's current financial affidavit dated October 4, 2005, shows zero dollars for occupancy expenses. . . . The defendant's shelter expenses could not have increased since October 19, 2004, since they add up to zero. The fact that he no longer resides in the marital home is not a substantial change of circumstances. . . . [The plaintiff's] current financial affidavit dated November 9, 2005, lists the following debts: credit card debt, attorney's fees and loans from parents. . . . The defendant did not offer any evidence that these 'loans' were not supported by promissory notes, that there is no realistic expectation of repayment, nor the date and nature of the $89,160 loans for living expenses." Judge Tierney also noted that on the basis of the evidence presented, the defendant had a substantial earning capacity and that his testimony that he had no source of earnings with which to pay alimony was not credible.

In the present case, in light of the testimony and documentary evidence presented and the court's findings on the basis of all of the evidence before it, we cannot conclude that the court abused its discretion. We conclude that the defendant did not meet his burden of proving a substantial change in circumstances that

would warrant modification of Judge Novack's October 19, 2004 alimony award. Therefore, the defendant's motion to modify properly was denied.

The judgment is affirmed.

In this opinion the other judges concurred.