ROBIN L. SARGENT *v.* ROBERT E. SARGENT
(AC 31987)

Gruendel, Robinson and Pellegrino, Js.

Argued November 15, 2010—officially released January 4, 2011

*John M. Andreini,* for the appellant (plaintiff).

*Robert E. Sargent,* pro se, the appellee (defendant).

GRUENDEL, J. The plaintiff, Robin L. Sargent, appeals from the judgment of the trial court dissolving her marriage to the defendant, Robert E. Sargent, and granting the defendant's motion for modification of alimony.[1] On appeal, the plaintiff claims that the court improperly granted the defendant's motion, given the lack of a sufficient change in circumstances warranting a modification of the defendant's alimony payments. We agree and, accordingly, reverse the judgment of the trial court.

The following facts, as found by the court, and procedural history are relevant to the disposition of the plaintiff's appeal. On June 27, 1993, the parties remarried in Manchester.[2] On October 11, 2006, the plaintiff filed a complaint for legal separation, claiming, inter alia, that the parties' marriage had broken down irretrievably. Subsequently, the parties negotiated and executed a separation agreement (agreement) that provided in relevant part: "[The defendant] shall pay to [the plaintiff] the amount of $250 per week in alimony until [the plaintiff] reaches the age of sixty-two . . . . [The defendant] shall maintain medical insurance for the benefit of the [plaintiff] so long as it is available through his place of employment at reasonable cost. *Currently, the medical insurance [for the plaintiff is] at no expense to [the defendant]. Should [the defendant] be required to pay for a portion of his insurance, the parties shall review the alimony obligation and the then current incomes*

---

[1] Approximately two years prior to the dissolution of the parties' marriage, the court rendered judgment declaring the parties to be legally separated and ordered that the defendant pay the plaintiff alimony in the amount of $250 per week until the plaintiff attained the age of sixty-two. At the time that the court rendered judgment dissolving the parties' marriage, the court also granted the defendant's motion for modification of this initial alimony award.

[2] The parties were previously married in 1986 and divorced in 1991.

*of the parties to determine each [party's] obligation toward the insurance expense."* (Emphasis added.) On August 24, 2007, the court rendered judgment declaring the parties to be legally separated and incorporated the agreement into its judgment.

On March 16, 2009, the defendant filed a motion for modification of alimony and a petition for a decree dissolving the parties' marriage pursuant to General Statutes § 46b-65 (b).[3] In support of his motion for modification of alimony, the defendant claimed that his "financial circumstances [had] changed significantly" from the time that the parties were legally separated. The plaintiff filed an objection to the defendant's petition for dissolution on June 3, 2009, claiming that conversion of the separation into a dissolution would cause her irreparable harm. On November 2, 2009, a hearing was held to resolve the issues raised by the defendant's petition for dissolution.[4] At this hearing, both parties testified and presented evidence in support of their claims. Specifically, the defendant testified that he had received a 20 percent pay reduction[5] from his employer and that, because of the impending dissolution, it would cost "$777 per month to insure the plaintiff" via COBRA

[3] General Statutes § 46b-65 (b) provides in relevant part: "[A]t any time after the entry of a decree of legal separation, either party may petition the superior court for the judicial district in which the decree was entered for a decree dissolving the marriage . . . ."

[4] The plaintiff argues that the defendant's March 16, 2009 motion for modification of alimony was not properly before the court. We note that the court's December 22, 2009 memorandum of decision in this case specifically references the defendant's motion and our review of the record discloses that the motion was never definitively ruled upon prior to December 22, 2009. Thus, although we disagree with the plaintiff and conclude that the defendant's motion for modification of alimony was properly before the court in this matter, our disposition of this appeal remains unaffected.

[5] In its December 22, 2009 memorandum of decision, the court notes that the defendant is no longer subject to this 20 percent pay reduction and presently earns approximately the same income that he did at the time the parties were legally separated on August 24, 2007.

coverage.[6] Importantly, however, the defendant offered no evidence whatsoever demonstrating that the cost of the plaintiff's health coverage was an expense that he was responsible for personally.[7] Moreover, the defendant testified that the "brunt" of the deductibles for medical care fell upon the plaintiff, as she required frequent treatment due to her diagnoses of cancer and multiple sclerosis. On December 22, 2009, in a memorandum of decision, the court granted the defendant's petition for dissolution and motion for modification of alimony, reducing the defendant's alimony obligation from $250 per week to $175 per week. In support of its ruling reducing the defendant's alimony payments, the court explicitly found that "[t]he defendant's health insurance plan has changed drastically since the separation agreement was drawn up when it was of no cost to the defendant. . . . [A]ccording to the defendant, [health insurance] now costs $777 a month to include the plaintiff on the coverage."[8] The plaintiff now claims that the court improperly reduced the defendant's alimony obligation in light of the fact that the defendant's

[6] See the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§ 1161–68. The defendant testified that he agreed originally to a legal separation to enable the plaintiff to remain on the health care plan provided by his employer. Upon dissolution of the parties' marriage, however, the plaintiff would no longer be eligible for medical insurance through the defendant's employer, thus necessitating COBRA coverage.

[7] Indeed, the defendant conceded during oral argument in this appeal that he is not, nor has he ever been, personally responsible for expenses associated with medical coverage for himself or the plaintiff. Additionally, we are compelled to note that the defendant's financial affidavit, submitted to the court in conjunction with the November 2, 2009 hearing, lists no deduction for medical care expenses. Rather, these costs were borne solely by the defendant's employer and the plaintiff in the form of medical deductibles and co-pays.

[8] In its memorandum of decision, the court ordered that both the plaintiff and the defendant be responsible for 50 percent of the medical expenses associated with COBRA coverage. It, however, bears repeating that the defendant did not present evidence that he is responsible for these expenses personally. Additionally, the defendant conceded during oral argument in this appeal that once the plaintiff's COBRA coverage expires, she will be without insurance coverage though still receiving a reduced alimony award.

financial circumstances, particularly his medical expenses, had remained unchanged from the time of the parties' legal separation.

"The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Angle* v. *Angle*, 100 Conn. App. 763, 771–72, 920 A.2d 1018 (2007).

Here, our review of the record discloses that the court's ruling reducing the alimony obligation of the defendant was premised on the clearly erroneous finding that it "now costs [the defendant] $777 a month to include the plaintiff on the [defendant's medical] coverage." Not only did the defendant concede that he has never been responsible personally for either his own or the plaintiff's medical expenses, but he also testified that the "brunt" of the medical expenses fall on the plaintiff in the form of deductibles and insurance co-pays. Although the defendant testified as to the

increased cost in general of the plaintiff's COBRA coverage, the defendant did not testify that he was responsible personally for these costs and conceded during oral argument in this appeal that once the plaintiff's COBRA coverage expires, she will be without medical coverage completely, though nonetheless subject to a reduced alimony award. Thus, if the judgment of the court were to be upheld, the plaintiff's medical expenses would eventually increase despite substantial decreases in the defendant's medical coverage contribution and alimony payments; this result cannot be sustained. Given the complexities surrounding the defendant's health care expenses as documented by his testimony during the November 2, 2009 hearing, it appears that the court's December 22, 2009 ruling reducing the defendant's alimony obligation was based on a misunderstanding as to the parties' present financial situations. Nonetheless, we are unable to discern any evidentiary basis upon which the defendant's alimony obligation should have been reduced in the case at bar. Accordingly, we conclude that the court's ruling reducing the defendant's alimony obligation was based primarily on the clearly erroneous finding that the plaintiff's medical coverage now costs the defendant $777 per month.[9]

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[9] The plaintiff also claims that the court improperly failed to make a definitive finding as to her proposed order that she be made a beneficiary under the defendant's health savings account to assist in offsetting the high cost of her medical deductibles and co-pays. Because we conclude that the judgment of the court reducing the defendant's alimony obligation is clearly erroneous and reverse the judgment and remand the matter for further proceedings, we need not address the plaintiff's claim further, as the court will have the opportunity to pass on this issue in the first instance upon remand.