## BARRY R. WILLIAMS *v.* KAREN G. WILLIAMS
## (SC 17403)

Sullivan, C. J., and Borden, Katz, Palmer and Vertefeuille, Js.

---

Argued October 26—officially released December 20, 2005

*Robert Farr*, for the appellant (plaintiff).

*Bruno R. Morasutti*, for the appellee (defendant).

*Opinion*

KATZ, J. The plaintiff, Barry R. Williams, appeals from the decision of the trial court denying his motion to modify the terms of a dissolution judgment with respect to alimony payments he was obliged to make to the defendant, Karen G. Williams. The issue in this appeal is whether, pursuant to the terms of the dissolution judgment, the trial court properly imposed on the plaintiff the burden to prove that the defendant's financial circumstances had been altered as a result of her remarriage. We affirm the trial court's judgment.

The record discloses the following pertinent facts. The plaintiff commenced an action for dissolution of his marriage to the defendant, resulting in a written settlement agreement between the parties. On March 4, 1999, the dissolution court, *Moore, J.*, incorporated by reference that agreement into the dissolution judgment. The judgment provided for the plaintiff to pay alimony to the defendant, setting forth the amount, duration and conditions for modification of the alimony.[1]

---

[1] The terms of the judgment with respect to alimony are as follows: "6.1 Amount. Husband shall pay to wife periodic alimony of $223 so that wife receives said alimony no later than Thursday, March 4, 1999, in advance for the week of Sunday, March 7 through Saturday, March 13, 1999, and $223 per week thereafter, payable in advance, with wife receiving said alimony no later than Thursday for the week commencing the next Sunday, through November 30, 2000. Husband shall pay to wife periodic alimony of $275 per week, in advance, so that wife receives the alimony payment no later than Thursday for the following week, beginning with December 1, 2000, through July 31, 2004. Husband shall pay to wife periodic alimony of $375 per week so that wife receives the alimony payment no later than Thursday for the week commencing the next Sunday beginning with August 1, 2004, through June 30, 2008.

"6.2 Duration. Alimony shall terminate upon the death of either party or July 1, 2008.

"6.3 Waiver. Husband waives the right to seek or receive periodic alimony.

"6.4 Modification. Husband shall not be entitled to receive a decrease in his alimony obligation unless he satisfactorily demonstrates to the court that he has suffered a substantial and significant decrease in income, such decrease was not due in any way to his voluntary change in lifestyle, career choice, place of residence or new responsibilities, and that he has taken

On May 7, 2004, the plaintiff filed a motion for modification of the judgment, requesting a termination or reduction of the amount of alimony on the grounds that the defendant was going to remarry on May 15, 2004, and that the plaintiff's earning capacity had been reduced due to health problems. The defendant opposed the motion on the ground that her remarriage was not a proper legal basis on which to modify the judgment. On July 23, 2004, following an evidentiary hearing, *Hon. John D. Brennan*, judge trial referee (trial court), issued a memorandum of decision denying the plaintiff's motion to modify the judgment. The trial court first noted that, despite a popular belief to the contrary, "alimony does not automatically terminate upon remarriage of the recipient." It then determined that, because the parties' settlement agreement, as incorporated into the dissolution judgment, required that General Statutes § 46b-86 (b)[2] govern modifica-

affirmative steps and used his best efforts to maintain his income. Pursuant to General Statutes § 46b-86 (b), husband's alimony obligation may be modifiable upon wife's remarriage or cohabitation."

[2] General Statutes § 46b-86 provides in relevant part: "(a) Unless and to the extent that the decree precludes modification, the court may order either party to maintain life insurance for the other party or a minor child of the parties or any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . . No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50.

"(b) In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the

tions; see footnote 1 of this opinion; the plaintiff was required to prove that the defendant's remarriage had caused a change in circumstances so as to alter her financial needs. Because the plaintiff had not met this burden, the trial court denied the motion to modify. This appeal followed.[3]

The plaintiff claims that the trial court improperly required him to prove that the defendant's financial needs had been altered as a result of her remarriage. According to the plaintiff, in light of this court's decision in *Cary* v. *Cary*, 112 Conn. 256, 152 A. 302 (1930), the trial court should have placed the burden on the *defendant* to demonstrate that the presumption that alimony terminates upon remarriage should not apply. The plaintiff further claims that the burden set forth under § 46b-86 (b), requiring the party seeking modification to prove a change in the recipient's financial circumstances, applies only in the case of cohabitation, not remarriage. Accordingly, the plaintiff claims that the trial court's improper interpretation of the dissolution judgment rendered its decision denying the plaintiff's motion for modification improper as a matter of law.

The defendant responds that the trial court, in accordance with the terms of the dissolution judgment, properly placed the burden on the plaintiff to prove that the defendant's remarriage had a beneficial financial impact on her. The defendant also points to the fact that, at the hearing before the trial court on the motion to modify, the plaintiff conceded that burden when, in

payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party. . . ."

[3] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

answer to questions by the trial court and before evidence was offered, the plaintiff explained that his motion to modify was based on two facts: (1) the defendant's remarriage would have a beneficial financial impact on her; and (2) the plaintiff's recent diagnosis of having a serious health condition that affected his ability to work and caused his financial situation to decline. Thereafter, the plaintiff explicitly acknowledged to the court that it was his burden to demonstrate that the defendant's remarriage had a beneficial economic impact on her.[4] We agree with the defendant that, according to the terms of the dissolution judgment, in order to modify his alimony obligation, the plaintiff had the burden of proving that the defendant's financial needs had changed by virtue of her remarriage, and that, accordingly, the trial court's judgment was not improper as a matter of law.

As a threshold matter, we must address the standard of review. "An appellate court will not disturb a trial

[4] The defendant points to the following exchange between the plaintiff's counsel and the trial court:

"[The Plaintiff's Counsel]: Well, Your Honor, it is my position that in determining whether or not alimony should be terminated at this point, the court can look at the, the totality of the situation of the two parties.

"The Court: Look at what they might be two or three years from now? I'm not familiar with that rule, but go ahead.

"[The Plaintiff's Counsel]: I am not arguing, Your Honor, that this is not a modification [of] support where you look at your current earnings.

"What we are talking about is reviewing a modification of the order of alimony for the next four years, and my argument is that if we're talking at the modification of alimony and what we're talking to terminate the alimony, it's triggered, in part, part because of the fact that the defendant has remarried, but it also has to—

"The Court: Well now see, remarriage permits you to seek a modification, and we have to look at the facts, determine—it's your burden to determine whether or not there's been an economic impact upon, on the situation unfavorable to your client.

"[The Plaintiff's Counsel]: Right.

"The Court: Or . . . her economic situation has improved as a result of cohabitation or remarriage."

court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . *Smith* v. *Smith*, 249 Conn. 265, 282–83, 752 A.2d 1023 (1999). Notwithstanding the great deference accorded the trial court in dissolution proceedings, a trial court's ruling on a modification may be reversed if, in the exercise of its discretion, the trial court applies the wrong standard of law. *Borkowski* v. *Borkowski*, 228 Conn. 729, 740, 638 A.2d 1060 (1994)." (Internal quotation marks omitted.) *Morris* v. *Morris*, 262 Conn. 299, 305, 811 A.2d 1283 (2003).

"In a marriage dissolution action, an agreement of the parties executed at the time of the dissolution and incorporated into the judgment is a contract of the parties." (Internal quotation marks omitted.) *Sullivan* v. *Sullivan*, 66 Conn. App. 501, 504, 784 A.2d 1047 (2001). "The construction of a contract to ascertain the intent of the parties presents a question of law when the contract or agreement is unambiguous within the four corners of the instrument. . . . The scope of review in such cases is plenary . . . [rather than] the clearly erroneous standard used to review questions of fact found by a trial court." (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio*, 56 Conn. App. 459, 470, 743 A.2d 1135, cert. granted, 253 Conn. 910, 754 A.2d 160 (2000) (appeal withdrawn September 27, 2000). Because the language of the settlement agreement in the present case, as incorporated into the dissolution judgment, is clear and unambiguous, our review is plenary.

There are two pertinent provisions in the dissolution judgment, those governing termination and modifica-

tion of alimony. Section 6.2 provides: "Duration. Alimony shall terminate upon the death of either party or July 1, 2008." Section 6.4 provides in relevant part: "Modification. .. . . Pursuant to . . . § 46b-86 (b), husband's alimony obligation may be modifiable upon wife's remarriage or cohabitation." Thus, under the plain terms of the judgment, the parties expressly agreed that alimony would continue until a party's death or July, 2008, not until a party's death *or* the defendant's *remarriage*, and they further agreed that modification, either in the event of cohabitation *or remarriage*, was to be determined under § 46b-86 (b), which requires proof that the recipient's financial needs have changed. See footnote 1 of this opinion.

The plaintiff contends nevertheless that the trial court was required to apply a presumption that the plaintiff's alimony obligation terminated upon the defendant's remarriage and that, because § 46b-86 (b) applies only in the case of cohabitation unaccompanied by marriage, he did not have to prove a favorable change in the defendant's financial circumstances in order to obtain relief from his alimony obligation. He relies on *Cary* v. *Cary*, supra, 112 Conn. 256, for his proposition that, because "every marriage alters the financial needs of the party," the trial court was required to presume that his alimony obligation was terminated unless the plaintiff could demonstrate exceptional circumstances dictating otherwise. His reliance is misplaced.

In *Cary*, the court stated: "[T]he remarriage of the wife should relieve the husband from the obligation of supporting the wife of another man. To permit her to have alimony from the first husband as an equivalent for her support after she had secured the legal obligation from the second husband to support her would give her support from her present and her former husband, and . . . would offend public policy and good morals. . . . Two husbands should not be liable for the

obligation of support for a woman who is the divorced spouse of one and the wife of the other." Id., 261. Thus, *Cary* has been relied upon as a basis for distinguishing between the effect of remarriage, where a change in the financial circumstances of the alimony recipient *ordinarily* has not been deemed necessary for its termination, and the effect of cohabitation, where proof of such a change has been deemed necessary. See *Kaplan* v. *Kaplan*, 186 Conn. 387, 394, 441 A.2d 629 (1982) (*Shea, J.*, concurring). Indeed, the legislature, in recognition of the fact that parties living together have no legal obligation to support one another financially, enacted § 46b-86 (b) specifically to allow courts to modify alimony obligations only when the financial needs of the recipient have been altered as a result of the cohabitation. See also 20 S. Proc., Pt. 7, 1977 Sess., p. 2793.

Notably, however, there is nothing in *Cary* or its progeny that provides for modification of alimony in the event of remarriage in contravention of express terms of a dissolution decree. Nor in fact is there anything in that decision that would preclude a court, under appropriate circumstances, from ordering in the dissolution judgment that alimony will not terminate upon remarriage; indeed, § 46b-86 expressly provides the authority for such an action. See *Sheehan* v. *Balasic*, 46 Conn. App. 327, 330–31, 699 A.2d 1036 (1997) (The court pointed to language in § 46b-86 [a] providing that modification may be made under certain conditions "[u]nless and to the extent that the decree precludes modification" and reasoned: "This statute clearly permits a trial court to make periodic awards of alimony nonmodifiable. . . . It is well established by our case law that the trial court, as a part of its right to award nonmodifiable alimony and its equitable powers, has the legal authority to order alimony that does not terminate even in the event of remarriage or cohabitation."

[Citation omitted; internal quotation marks omitted.]), appeal dismissed, 245 Conn. 148, 710 A.2d 770 (1998); *Vandal* v. *Vandal*, 31 Conn. App. 561, 565–66, 626 A.2d 784 (1993) ("Since the court has the statutory right to award nonmodifiable alimony and the equitable power to meet the ends of justice—in this case, by ordering that alimony not be modifiable even if the plaintiff remarries or cohabits—we cannot hold this order to be improper as a matter of law. . . . The court's findings as to the defendant's financial inability at this time, because of his significant personal debt, to pay alimony in the amount to which the plaintiff is rightfully entitled are clear and sufficient to support the award . . . ."). In other words, to the extent that *Cary* can be read as establishing a legal presumption in favor of terminating alimony upon remarriage, it is only a default presumption that exists to the extent that such a result does not conflict with the terms of the dissolution decree.

Indeed, a claim similar to the one advanced by the plaintiff herein was made but was rejected by the court in *Pulvermacher* v. *Pulvermacher*, 166 Conn. 380, 383, 349 A.2d 836 (1974). In moving to modify the judgment with respect to the periodic payments to the plaintiff, the defendant in that case offered no evidence and made no claim of changed circumstances other than the plaintiff's remarriage. Id. Because, however, the agreement that was incorporated into the decree expressly stated that the payments were to continue independent of the defendant's remarriage,[5] the court

---

[5] The parties' agreement in *Pulvermacher* provided in relevant part "for the payment by the defendant to the plaintiff for her maintenance the total sum of Twenty Five Thousand Dollars ($25,000.00) in one hundred twenty one (121) equal payments . . . . Said payments are to continue without any diminution whether or not the defendant remarries and shall not terminate if the plaintiff remarries or dies, and in the event of the death of the defendant, the unexpired payments shall be an indebtedness of his estate." (Internal quotation marks omitted.) *Pulvermacher* v. *Pulvermacher*, supra, 166 Conn. 382.

concluded that the trial court had determined properly that the decree bound the defendant to make the specified alimony payments. Id., 384–85. The court, therefore, rejected the defendant's contention that the presumption under *Cary* that financial obligations are altered by virtue of remarriage controlled irrespective of the language in the decree. Id., 384.

Significantly, in the present case, the provision regarding duration of alimony does not provide that alimony shall terminate upon remarriage; rather, it expressly provides that it shall terminate only upon the death of either party or by a date certain. Contrast *Rosato* v. *Rosato*, 255 Conn. 412, 414 n.2, 766 A.2d 429 (2001) ("the plaintiff pay the defendant alimony in the sum of $175 per week for a period of five years, with the alimony to terminate on the event of the defendant's death, remarriage or cohabitation"); *Lawler* v. *Lawler*, 212 Conn. 117, 118–19 n.1, 561 A.2d 128 (1989) ("[t]he alimony shall terminate earlier, upon the death of either party or the remarriage of the defendant"). Rather than provide that remarriage would furnish the basis for terminating the alimony, the dissolution decree in the present case provides that "[p]ursuant to . . . § 46b-86 (b), husband's alimony obligation may be modifiable upon wife's remarriage or cohabitation." See footnote 1 of this opinion.

The plaintiff contends that, "[d]espite this wording . . . § 46b-86 (b) only addresses modifications upon cohabitation and establishes the conditions necessary for modification when there is cohabitation." Therefore, he contends that, notwithstanding the provision of the dissolution decree, the real intent of the parties was for § 46b-86 (b) to apply only in the case of cohabitation. In other words, the plaintiff suggests that we read the modification provision to allow the plaintiff's alimony obligation to be modifiable upon the defendant's remarriage or cohabitation pursuant to § 46b-86 (b), rather

than as the provision actually is written.[6] We decline his invitation in the absence of a compelling reason to disregard the clear and unequivocal language set forth in the parties' settlement agreement, as incorporated into the judgment of dissolution. There is nothing inherently improper about requiring the plaintiff under the facts of this case, as the party with the alimony obligation, to demonstrate that the remarriage of the defendant had a financial impact that should warrant a modification in his alimony obligation, especially when the statutes and our case law recognize that alimony may be awarded in addition to or in lieu of allocating other marital assets. See General Statutes § 46b-82 (a). Although there is legislative history suggesting that § 46b-86 (b) was enacted to address those instances in which a party receiving alimony attempts to avoid modification or termination of those benefits by cohabitating in lieu of remarrying; see 20 S. Proc., supra, p. 2793; that intent has no bearing on whether parties or the dissolution court can invoke the statute for a different purpose in an agreement or decree. In the present case, the parties' decision to use the standard set forth under the statute as a basis for determining whether alimony should be modified was reasonable and clearly expressed. Therefore, the trial court's decision was not improper as a matter of law.

The judgment is affirmed.

In this opinion the other justices concurred.

---

[6] To the extent that the plaintiff suggests that the reference to remarriage in conjunction with § 46b-86 may have been the result of a drafting error, we are not persuaded. The record reflects that the parties were represented by counsel when the settlement agreement was drafted, and the agreement itself discloses numerous handwritten changes, deletions and substitutions, including within the section at issue, indicating that the terms of the agreement were scrutinized carefully.