PATRICIA B. DANEHY *v.* BENJAMIN J. DANEHY III
(AC 29873)

Gruendel, Harper and Pellegrino, Js.

Argued September 14—officially released November 17, 2009

*Mark R. Soboslai,* for the appellant (defendant).

*Susan E. Nugent,* for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant, Benjamin J. Danehy III, appeals from the judgment of the trial court denying his motion for modification of alimony and support. On appeal, the defendant claims that, in denying his motion, the court misconstrued the language of the separation agreement that bound him and the plaintiff, Patricia B. Danehy, and made factual findings that had no evidentiary basis. We agree with the defendant and reverse the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The parties' marriage was dissolved on March 28, 2000. On that date, the court approved a separation agreement between the parties and incorporated the terms of the separation agreement into the judgment. Pursuant to the agreement, the defendant was obligated to pay the plaintiff "the sum of $500 per week as unallocated alimony and support until June 30, 2014[1]. . . . The alimony component of this order is non-modifiable as to term but is modifiable as to amount." The separation agreement explicitly stated that "[t]hese orders are based on a presumed gross income to the [defendant]

---

[1] Subsequent to the date of dissolution, the court changed the date of expiration of its order to June 30, 2013. The original date was incorrect due to a mutual mistake.

of \$70,000 per year[2] and a presumed gross income to the [plaintiff] of \$25,000 per year. The [plaintiff] shall have a safe harbor of earnings to \$25,000 per year which shall not constitute a substantial change in circumstances for purposes of a modification."

On January 30, 2008, the defendant filed a motion for postjudgment modification, alleging that since the dissolution, (1) his income has been substantially reduced, (2) the plaintiff's income has increased, (3) only one child of the marriage remains a minor[3] and (4) the defendant has had an additional child. On February 28, 2008, the defendant filed a sworn financial affidavit which indicated gross earnings from employment of approximately \$41,000 per year. On March 6, 2008, the court held a brief evidentiary hearing on the defendant's motion, which included sworn testimony from both self-represented parties. At the hearing, the plaintiff submitted an incomplete financial affidavit and testified regarding her income. At the court's request, the plaintiff filed a sworn financial affidavit after the hearing, which indicated that she was earning less than \$25,000.[4] On March 10, 2008, the court issued a brief written

[2] Although the defendant's sworn financial affidavit in 2000 showed an income of \$43,000, the defendant testified that the parties settled on the \$70,000 figure because he owns a real estate appraisal business and his salary fluctuates from year to year.

[3] At the time the separation agreement was drafted in 2000, two of the parties' three children were minors. Since that time, one of those children has reached the age of majority. The parties disagree whether this was contemplated within the agreement or is cause for modification of the order.

[4] One of the issues raised by the defendant is that the court abused its discretion by failing to require the plaintiff to submit a sworn financial affidavit before the conclusion of the evidentiary hearing. We disagree. Pursuant to Practice Book § 25-30 (a), it is within the court's broad discretion to render a judgment in the absence of the opposing party's sworn statement. See *Sachs* v. *Sachs*, 22 Conn. App. 410, 417–18, 578 A.2d 649, cert. denied, 216 Conn. 815, 580 A.2d 60 (1990). There is no evidence that the defendant was prejudiced or surprised by the plaintiff's financial affidavit, which revealed more or less exactly what the plaintiff had represented during her testimony.

decision denying the defendant's motion for modification, stating that "[t]he stipulation for the dissolution presumed an earnings capacity for the defendant of $70,000 and a 'safe harbor' for the plaintiff of $25,000 per year. [The] [p]laintiff is not earning $25,000 [per year] at the present time and no evidence was presented to indicate an inability of an earnings capacity of $70,000. Motion for modification denied." This appeal followed.

On appeal, the defendant claims that the court misconstrued the language of the separation agreement and found facts that were not in evidence when it denied his motion to modify alimony and support. We agree.

We begin by setting forth our standard of review. "The standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Angle* v. *Angle*, 100 Conn. App. 763, 771–72, 920 A.2d 1018 (2007).

"When a modification of alimony is requested on the basis of the separation agreement, the court must look

to the agreement. Separation agreements incorporated by reference into dissolution judgments are to be interpreted consistently with accepted principles governing contracts." (Internal quotation marks omitted.) *Cushman* v. *Cushman*, 93 Conn. App. 186, 191, 888 A.2d 156 (2006). "When the language is clear and unambiguous . . . the contract is to be given effect according to its terms. . . . [N]o room exists for construction." (Citation omitted.) *Greenburg* v. *Greenburg*, 26 Conn. App. 591, 596, 602 A.2d 1056 (1992).

A court simply cannot "disregard the words used by the parties or revise, add to, or create a new agreement." *Collins* v. *Sears, Roebuck & Co.*, 164 Conn. 369, 374, 321 A.2d 444 (1973). "A term not expressly included will not be read into a contract unless it arises by necessary implication from the provisions of the instrument." *Texaco, Inc.* v. *Rogow*, 150 Conn. 401, 408, 190 A.2d 48 (1963); see *Albrecht* v. *Albrecht*, 19 Conn. App. 146, 151–53, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989).

With these principles in mind, we turn to the court's March 10, 2008 judgment denying the defendant's motion to modify. From our review of the record, we conclude that it was improper for the court to consider the defendant's earning capacity in denying the defendant's motion to modify.[5]

---

[5] The plaintiff asserts in her brief that this court should not disturb the trial court's modification order under the law of the case doctrine. It is the plaintiff's claim that a previous judge who considered a motion to modify in this case held that the defendant had to demonstrate a "substantial change in earning capacity." The law is clear that a trial judge may adopt the law as articulated by another judge in the same case under the doctrine of the "law of the case" but is not obligated to do so. See, e.g., *Wagner* v. *Clark Equipment Co.*, 259 Conn. 114, 130–31, 788 A.2d 83 (2002). Obviously, if the "law of the case" does not bind another trial judge considering the same issue, it certainly cannot bind an appellate court, whose function is to determine whether the trial court correctly applied the law. This argument is without merit.

The plain language of the separation agreement states that the alimony is based on the presumed gross income of the parties and is modifiable as to amount.[6] There is no mention of the parties' earning capacities, and the language of the agreement cannot be interpreted to include capacity to earn as a component of the alimony calculation.[7] To read such a provision into the parties' separation agreement would be akin to creating a new agreement altogether.

Further, the court based its decision on the fact that "no evidence was presented to indicate an inability [by the defendant] of an earning capacity of $70,000," yet the defendant, on the basis of the separation agreement, had no reason to believe that he was required to present evidence of anything but a substantial change in his actual income. To require the defendant to establish his earning capacity rather than show a substantial change in circumstances would demand both a departure from the plain meaning of the separation agreement and the well established guidelines for modification set forth by our Supreme Court. See *Borkowski* v. *Borkowski*, 228 Conn. 729, 735–38, 638 A.2d 1060 (1994) (holding that final order for alimony may be modified by

---

[6] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification . . . any final order for the periodic payment of permanent alimony or support . . . may at any time thereafter be . . . modified . . . upon a showing of a substantial change in the circumstances of either party . . . ." Section 46b-86 thus provides for continuing jurisdiction over alimony awards, absent a provision in the decree to the contrary. *Barnard* v. *Barnard*, 214 Conn. 99, 117 n.7, 570 A.2d 690 (1990). In this case, there is no such provision to the contrary.

[7] In *Albrecht*, this court stated that "[w]here the determination of the parties' financial contributions is not controlled by the provisions of a separation agreement, the court may, in appropriate circumstances rely on the parties' earning capacities." *Albrecht* v. *Albrecht*, supra, 19 Conn. App. 153 n.3. In this case, the provisions of the parties' separation agreement unambiguously state that the alimony and support order is based on presumed gross income. The determination of the parties' financial contributions thus are controlled by the separation agreement, and, therefore, the trial court may not rely on the parties' earning capacities.

trial court on showing of substantial change in circumstances of either party).

We conclude that the court improperly denied the defendant's motion for modification of alimony and support on the basis of the defendant's earning capacity rather than his presumed gross income. The defendant may be entitled to a modification of the alimony and support order on a showing of a substantial change in the circumstances of either party.

The judgment is reversed and the case is remanded for a new hearing on the defendant's motion for modification of alimony and child support.

In this opinion the other judges concurred.