ELIANA NASSRA *v.* GEORGE A. NASSRA
(AC 33254)

DiPentima, C. J., and Beach and Sullivan, Js.

Argued October 15—officially released December 18, 2012

*Thomas J. Weihing,* for the appellant (defendant).

*Bonnie Amendola,* for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant, George A. Nassra, appeals from the postdissolution orders of the trial court. Specifically, the defendant claims that the court's order improperly constituted a modification of the terms of the parties' separation agreement. We agree with the defendant and therefore reverse the judgment of the court.

The following facts and procedural history are relevant to this appeal. The plaintiff, Eliana Nassra,[1] and the defendant were married on July 4, 1993, in Tripoli,

---

[1] Following the dissolution of the marriage, the court restored the plaintiff's name to Eliana Kouchary.

Lebanon. On December 11, 2008, the plaintiff commenced an action seeking the dissolution of the marriage. On November 9, 2010, the court dissolved the marriage and incorporated the terms of the parties' separation agreement and parental responsibility plan for their two minor children into the dissolution judgment.[2]

Section 14.1 of the separation agreement set forth the following: "Subject to the provisions of this [a]greement, [e]ach party does for herself or himself, and his or her . . . legal representatives . . . remise, release and/or forever voids, releases, and discharges the other of and from all cause or causes of action, suits, debts, claims, rights, contracts, agreements, grievances, sums of money, controversies, accounts, reckonings, bonds, bills, specialties, promises, liabilities, attorney's fees and/or remedies whatsoever, whether in law or in equity, whether known or unknown, which either of the parties hereto ever had or now has, actual or potential, against the other, for, upon, or by any reason of any matter, cause or thing whatsoever occurring on or before the effective date of this Order including, but without limiting the breadth of the foregoing: (a) Claims arising under any state or local statute, law, ordinance, rule or regulation; (b) Claims arising under the common or statutory law of any nation, state or political subdivision whether sounding in: express or implied contract,

---

[2] General Statutes § 46b-66 (a) provides in relevant part: "In any case under this chapter where the parties have submitted to the court an agreement concerning the custody, care, education, visitation, maintenance or support of any of their children or concerning alimony or the disposition of property, the court shall inquire into the financial resources and actual needs of the spouses and their respective fitness to have physical custody of or rights of visitation with any minor child, in order to determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. . . ."

quasi contract, unjust enrichment, quantum meruit, any fiduciary relationship; covenant of good faith or fair dealing; promissory estoppel; intentional or negligent infliction of emotional [dis]tress; defamation; adultery; invasion of privacy; fraud; misrepresentation, assault, battery, negligence and/or any other tort, contract or other civil wrong allegedly arising out of acts or omissions by one party against the other; except that each party hereto does not release the other from the claim that their marriage has broken down irretrievably in order to facilitate the parties' action for dissolution of marriage. Notwithstanding the provisions of this paragraph to the contrary, the [p]laintiff does not waive any accrued rights she may have to receive social security benefits from the federal government by virtue of her having been married to the [d]efendant."

In addition to the typed Section 14.1, the parties agreed to the addition of the following handwritten sentence into their agreement: "The [defendant] shall provide proof to the [plaintiff] through counsel within one week of the date he notifies his counsel to withdraw the pending lawsuit against the [plaintiff] in Lebanon."

On January 19, 2011, the plaintiff filed a motion for contempt in which she alleged that the defendant had "willfully and intentionally violated the terms of the [s]eparation [a]greement because [he had] failed to withdraw the pending case against the [p]laintiff in Lebanon." The plaintiff further claimed that the defendant had appeared in court in Lebanon through counsel and denied that there was an agreement to withdraw that case. As a result, a trial had been scheduled for May 9, 2011, and the plaintiff faced incarceration if she failed to attend.

The court held a hearing on February 24, 2011. The defendant testified that he had commenced an action in Lebanon against the plaintiff and a codefendant, Toulic

Akiki. He also stated that he been in contact with his attorney in Lebanon by telephone and e-mail.[3] He claimed that he verbally instructed the attorney in Lebanon to withdraw the case.

After further discussion, the court stated that the issue was not whether the matter had been withdrawn, but rather whether the defendant had given unequivocal notice to his attorney in Lebanon to withdraw the pending action. The court stated that the plaintiff was not entitled to a withdrawal of the Lebanon action, but only to proof that the defendant has unequivocally directed his attorney in Lebanon to withdraw that action. It then noted that if the defendant needed to direct his attorney there to withdraw the action against a third party in order to have the matter withdrawn as to the plaintiff, then the defendant was required to do that in order to comply with the parties' agreement.

The court held a second hearing on March 3, 2011. The court determined that the letter sent by the defendant to his lawyer in Lebanon did not comply with its orders issued at the February 24, 2011 hearing.[4] The court declared that "[t]he order was that [the defendant] was to provide proof that he told his attorney to do whatever it took to get the action withdrawn against [the plaintiff], including if that meant withdrawing the action against another party." After a further colloquy, the

[3] The defendant had an e-mail sent to his attorney in Lebanon and attached a copy of the settlement agreement signed by the parties. The e-mail directed his attorney to review the handwritten note, and stated that the defendant would speak with the attorney at a later time.

[4] The defendant's letter to his lawyer in Lebanon stated: "As you know in my dissolution of marriage decree Paragraph 14.1 b states [the defendant] shall provide proof to the [plaintiff] through counsel within one week of the date he notifies his counsel to withdraw the pending action against the [plaintiff] in Lebanon. The Court in Connecticut . . . desires more proof other than I have already forwarded to you that I have honored my commitment. Therefore, in accordance with the Court's instructions, I withdraw the case against [the plaintiff]."

defendant provided testimony. The defendant stated that following the February 24, 2011 hearing, he spoke with his attorney in Lebanon via telephone and e-mail and directed him to withdraw the pending case against the plaintiff.

Following the conclusion of the evidentiary hearing, which included testimony from the plaintiff, the court issued the following order: "Well, what [the plaintiff's counsel] could do is to draw up a letter to be signed by [the defendant], to the effect instructing his attorney that they're to cease any proceedings in the action against [the plaintiff] or anybody with her in the courts in Lebanon; that he's to withdraw any authority for anyone to act as his proxy in such a proceeding in Lebanon or to proceed by way of power of attorney on his behalf in Lebanon in any proceeding involving an action against [the plaintiff]; and that he personally will not cooperate with any further prosecution, nor will he appear in court or elsewhere in Lebanon for the purpose of prosecuting any matter against [the plaintiff]. And that's to be addressed to his attorneys—the other one and remitted to [the defendant's Connecticut attorney], who will have his client sign it and then it will be remitted—with a copy to the court in Lebanon and a copy to this court." The court then expressly found that the defendant was not in contempt. This appeal followed.

As a general matter, "[a]n appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion . . . we allow every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Danehy* v. *Danehy*, 118 Conn. App. 29, 32,

982 A.2d 273 (2009); see also *Williams* v. *Williams*, 276 Conn. 491, 496–97, 886 A.2d 817 (2005).

This case, however, turns on the interpretation of the parties' separation agreement. Our Supreme Court has instructed that interpretation of a separation agreement incorporated into a dissolution decree "is guided by the general principles governing the construction of contracts. . . . A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms." (Citation omitted; internal quotation marks omitted.) *Eckert* v. *Eckert*, 285 Conn. 687, 692, 941 A.2d 301 (2008); see also *Isham* v. *Isham*, 292 Conn. 170, 180–81, 972 A.2d 228 (2009); *Danehy* v. *Danehy*, supra, 118 Conn. App. 33.

Our threshold determination, therefore, is to determine whether the relevant clause of the separation agreement is clear and unambiguous. See *Isham* v. *Isham*, supra, 292 Conn. 181. The handwritten sentence found in Section 14.1 (b) of the separation agreement states: "The [defendant] shall provide proof to the [plaintiff] through counsel within one week of the date he notifies his counsel to withdraw the pending lawsuit against the [plaintiff] in Lebanon." We conclude that

this sentence of the separation agreement, incorporated into the dissolution judgment, is clear and unambiguous. It requires the defendant to provide proof that he has notified his counsel to withdraw the pending lawsuit in Lebanon. Accordingly, our review is plenary. See *Williams* v. *Williams*, supra, 276 Conn. 497; see also *Isham* v. *Isham*, supra, 181 (where language in separation agreement is clear and unambiguous, contract must be given effect according to its terms and determination of intent of parties is question of law); *Eckert* v. *Eckert*, supra, 285 Conn. 692 (same); *Dowd* v. *Dowd*, 96 Conn. App. 75, 79, 899 A.2d 76 (same), cert. denied, 280 Conn. 907, 907 A.2d 89 (2006).

Having determined the scope of our review, we now turn to the actions of the trial court.[5] At the February 24, 2011 hearing, the court stated: "All right then I guess we're going to have to have the letter tell [the defendant's] attorney to do whatever it takes to get the [the plaintiff] off of that count . . . and if it means it has to be withdrawn as to somebody else, do it. But whatever [the defendant] has to do to get the action terminated against [the plaintiff] is what his attorney is to do in Lebanon. I don't care about a third party except if it requires that it be dropped against a third party in order to get [the plaintiff] off of it, then [the defendant] has to direct his attorney to do that." At the March 3, 2011 hearing, the court added to its previous order and directed the plaintiff's lawyer to draft a letter for the defendant to sign that (1) instructed the defendant's attorney in Lebanon to cease the proceedings there against the plaintiff or anyone with the plaintiff, (2) required the defendant to withdraw any authority of anyone to act as his proxy in such proceedings in Lebanon and (3) required the defendant to refrain from cooperating with any further prosecution or appear in court

---

[5] The procedural posture of this case is that of a postdissolution motion for contempt. The court specifically stated that it did not find the defendant in contempt.

or elsewhere in Lebanon for the purpose of prosecuting any matter against the plaintiff.

The court imposed orders that went beyond the terms of the separation agreement of the parties. "It is hornbook law that courts do not rewrite contracts for parties." *Greenburg* v. *Greenburg*, 26 Conn. App. 591, 598, 602 A.2d 1056 (1992). Put another way, "[a] court simply cannot disregard the words used by the parties or revise, add to, or create a new agreement." (Internal quotation marks omitted.) *Danehy* v. *Danehy*, supra, 118 Conn. App. 33. In the present case, the agreement of the parties required only that the defendant instruct his attorney in Lebanon to withdraw the action there against the plaintiff. The additional obligations imposed by the court on the defendant appear to have been included to effectuate the withdrawal. However, as the court properly had noted, the plaintiff, under the terms of the agreement, was not entitled to a withdrawal but "to proof that [the defendant] has given unequivocal direction to his attorneys in Lebanon to withdraw the action."

We conclude that the court should not have ordered the defendant to perform obligations outside the clear and unambiguous terms of the parties' separation agreement. The separation agreement required only that the defendant provide notice to the plaintiff that he had instructed his attorney in Lebanon to withdraw the pending case there against the plaintiff. The additional obligations imposed by the court on the defendant constituted a modification of the parties' separation agreement.

The judgment is reversed and the case is remanded with direction to vacate the postdissolution orders issued by the court.

In this opinion the other judges concurred.