******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# BARBARA WELLS *v.* MICHAEL WELLS
## (AC 42217)

Lavine, Alvord and Keller, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dissolved, appealed to this court from the judgment of the trial court denying her motion for an order seeking payment of unallocated support. The plaintiff contended that the defendant failed to pay her the full amount due from a bonus payment the defendant received. The parties' separation agreement set forth three tiers for determining the amount of the defendant's income that would be paid to the plaintiff. The defendant calculated the payment under the second and third tiers solely using his bonus payment. The plaintiff contended the payment must be calculated using the defendant's total gross income, which was his base salary plus the bonus payment. The trial court agreed with the defendant's interpretation of the separation agreement and denied the plaintiff's motion. *Held* that the trial court improperly denied the plaintiff's motion for order because it incorrectly interpreted the applicable provision of the separation agreement; the plain language of the separation agreement required that the second and third tiers be applied to the defendant's gross income, not solely to his bonus.

Argued December 2, 2019—officially released March 3, 2020

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford and tried to the court, *Hon. Arthur A. Hiller*, judge trial referee; judgment dissolving the marriage and granting certain other relief; thereafter, the court, *Brown, J.*, denied the plaintiff's postjudgment motion for order seeking certain payments, and the plaintiff appealed to this court. *Reversed*; *judgment directed.*

*Barbara M. Schellenberg*, with whom, on the brief, was *Annmarie P. Briones*, for the appellant (plaintiff).

*Bonnie Amendola*, for the appellee (defendant).

*Opinion*

ALVORD, J. In this marital dissolution action, the plaintiff, Barbara Wells, appeals from the judgment of the trial court denying her postdissolution motion for an order seeking payment of unallocated support owed by the defendant, Michael Wells, pursuant to the terms of the parties' separation agreement. On appeal, the plaintiff claims that the court improperly interpreted the applicable provision of the separation agreement. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

The record reveals the following facts and procedural history. The parties were divorced on May 25, 2017. The dissolution judgment incorporated by reference a separation agreement executed by the parties on the same date (separation agreement). Article III of the separation agreement governs child support and alimony. Section 3.1 of article III provides, in relevant part: "Commencing June 1, 2017, the Husband shall pay to the Wife the following sums as unallocated support:

"Husband's income paid to the Wife—

"$0.00—$220,000 Wife shall receive 50% of the gross (paid via cash transfer or check to the Wife on the 15th and 30th of each month);

"$220,001—$420,000 Wife shall receive 40% of the gross (paid via cash transfer or check to the Wife within 5 days of receipt by the Husband); and

"$420,001—$600,000 Wife shall receive 30% of the gross (paid via cash transfer or check to the Wife within 5 days of receipt by the Husband).[1]

"The Wife shall not receive any share of the Husband's income that exceeds $600,000 per year. Annual income is defined as 'total gross income earned from employment plus any distributions deferred for income tax purposes.' The Husband shall not voluntarily defer any compensation from employment. The Husband shall provide proof of all income from employment to the Wife within 5 days of receipt by the Husband.

"All unallocated support shall be taxable to the Wife and deductible to the Husband." (Footnote added.)

Section 3.1 also provides that "[t]he alimony shall be payable until the soonest to occur of the following events: a) the death of the Husband; b) the death of the Wife; c) the Wife's remarriage or statutory cohabitation pursuant to [General Statutes §] 46b-86 (b) in which case the Court may modify, suspend or terminate the alimony; or d) May 31, 2025."

Article VI of the agreement governs taxes. Section 6.3 provides: "The parties shall be responsible for any additional tax liability incurred as a result of the Husband's bonus payment received in 2017 in proportion with their percentage of funds received prior to the

dissolution. The Husband shall pay this tax liability from his bonus payment received in 2018 prior to the Wife's distribution per Paragraph 3.1."

After preparing the separation agreement, the parties appeared before the court, *Hon. Arthur A. Hiller*, judge trial referee, and were canvassed by their respective counsel regarding the separation agreement. The court found the agreement fair and equitable and incorporated it into the divorce decree.

On May 3, 2018, the plaintiff filed a postjudgment motion for order, in which she alleged that the defendant had failed to pay the full amount of unallocated support due to her from a $480,000 bonus the defendant received in January, 2018. Specifically, the plaintiff alleged that the defendant had paid her $82,000 from his bonus and that this $82,000 payment did not represent the full amount owed to her pursuant to section 3.1 of the separation agreement. On September 17, 2018, the parties appeared before the court, *Brown, J.*, which heard the testimony of the parties and other evidence.

The central dispute between the parties was their differing interpretations of the calculations to be performed under the second and third tiers of section 3.1 to determine the amount of unallocated support due to the plaintiff.[2] According to the defendant, the $480,000 bonus he received is considered separately under the second and third tiers outlined in section 3.1. Specifically, he contended that from his $480,000 bonus, he owed the plaintiff $80,000 under the second tier (($420,000 minus $220,001) multiplied by 40 percent equals $80,000) and $18,000 under the third tier (($480,000 minus $420,001) multiplied by 30 percent equals $18,000). From this $98,000 obligation under the second and third tiers, he was to subtract the tax liability, which the parties agree was $16,028. Accordingly, under the defendant's interpretation, he owed the plaintiff approximately $82,000.

According to the plaintiff, the calculation under the separation agreement requires that the defendant's total gross income earned from employment, which was $700,000 ($220,000 salary plus the $480,000 bonus) for 2018, be considered in full under the second and third tiers. In her view, the defendant correctly calculated the amount owed under the second tier ($80,000), but incorrectly calculated the amount owed under the third tier. Considering that the agreement precluded her from receiving any share of the defendant's income that exceeded $600,000 per year, she maintained that the amount owed under the third tier was $54,000 (($600,000 minus $420,001) multiplied by 30 percent equals $54,000). From this total $134,000 obligation calculated by adding the result of the second and third tiers, the defendant was to subtract the tax liability, which, as noted previously, the parties agree was $16,028. Accordingly, under the plaintiff's interpreta-

tion, the defendant owed her $117,972 ($80,000 plus $54,000 minus $16,028 equals $117,972). Because he paid her only $82,000, she alleged that he underpaid her by $35,972.

On October 15, 2018, the court issued a memorandum of decision, in which it accepted the defendant's interpretation of section 3.1 of the separation agreement and rejected the plaintiff's claim that she was owed any additional payments. Accordingly, the court denied the plaintiff's motion for order. This appeal followed.

On appeal, the plaintiff's sole claim is that the court improperly interpreted the clear and unambiguous language of section 3.1 of the separation agreement when it substituted "gross remainder of [the defendant's] bonus" for "gross income" when calculating the amount the plaintiff was owed under the third tier. The defendant agrees that the provision is unambiguous, but contends that the court properly interpreted the provision. We agree with the plaintiff.

We first set forth our standard of review. "Our interpretation of a separation agreement that is incorporated into a dissolution decree is guided by the general principles governing the construction of contracts. . . . A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. . . . If the language of a contract is clear and unambiguous, the intent of the parties is a question of law, subject to plenary review." (Citations omitted; internal quotation marks omitted.) *Eckert* v. *Eckert*, 285 Conn. 687, 692, 941 A.2d 301 (2008).

Applying the foregoing principles to the present matter, we conclude, and the parties agree, that the language of the relevant provision is clear and unambiguous. Section 3.1 of the separation agreement provides that the plaintiff shall receive certain percentages of the gross income of the defendant according to a three-tiered arrangement. The agreement defines "[a]nnual income" as "total gross income earned from employment plus any distributions deferred for income tax purposes." Because the separation agreement clearly defines annual income and is structured to provide for

the payment of certain percentages of such annual income according to three tiers, the language is clear and unambiguous. Accordingly, our review is plenary.

Having determined our standard of review, we now turn to the actions of the trial court. In accepting the defendant's interpretation that the second and third tiers of section 3.1 applied only to his bonus, the court reached a conclusion inconsistent with the words used by the parties in the separation agreement. "It is hornbook law that courts do not rewrite contracts for parties. . . . Put another way, [a] court simply cannot disregard the words used by the parties or revise, add to, or create a new agreement." (Citation omitted; internal quotation marks omitted.) *Nassra* v. *Nassra*, 139 Conn. App. 661, 669, 56 A.3d 970 (2012).

The defendant argues that the plaintiff's "calculation does not acknowledge that she had already received payment for her share of the [d]efendant's base salary in 2017 and will continue to do so in 2018, and to include said amount in her claim of what was due and owing from his bonus payment paid in 2018 amounts to double counting." We fail to see how applying the tiered structure to the defendant's total income constitutes double counting. To the contrary, it does no more than account for the defendant's total income in accordance with the plain language of the provision. As noted previously, the income ranges contained within each of the tiers refers to the gross income of the defendant, and the definition of his annual income includes his "total gross income earned from employment . . . ." There simply is no language contained in the second and third tiers that could be construed as limiting their applicability only to the defendant's bonus.

We conclude that the plain language of the separation agreement requires that the percentages stated in the second and third tiers be applied to the defendant's gross income, not solely to his bonus. Therefore, the court improperly denied the plaintiff's motion for order. Given that the parties do not dispute the amount of the plaintiff's claim, we conclude that the defendant underpaid the plaintiff by $35,972.[3]

The judgment is reversed and the case is remanded with direction to grant the plaintiff's motion and to render judgment in favor of the plaintiff in the amount of $35,972.

In this opinion the other judges concurred.

[1] The parties and the court refer to the "$0.00—$220,000" range as the "first tier," the "$220,001—$420,000" range as the "second tier," and the "$420,001—$600,000" range as the "third tier." We do the same in this opinion.

[2] The parties agreed that the defendant was in compliance with his ongoing obligation under the first tier of section 3.1 of the separation agreement to pay 50 percent of his total gross income up to $220,000 on the fifteenth and thirtieth of every month. Both parties further agreed that the $220,000 amount represented the defendant's base salary at the time of the dissolution judgment. The defendant testified that, subsequent to the dissolution judgment, he had received an increase in his base salary to $250,000. That salary

increase was not the subject of the plaintiff's motion for order.

[3] Although the plaintiff requested various forms of relief in her motion for order, the relief sought by the plaintiff on appeal requests only "that the judgment of the trial court . . . be reversed and that the case . . . be remanded to the trial court with direction to enter judgment in [the] plaintiff's favor in the amount of $35,972."

_____